UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>    NORTHEAST WATER &<br>    SUPPORT, INC.,<br><br>                  Debtor. | Chapter 7<br>Case No. 14-15689-JNF |

**MOTION BY DONALD R. LASSMAN, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO SELL MOTOR VEHICLES BY PUBLIC AUCTION SALE, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Donald R. Lassman, the duly appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Northeast Water & Support, Inc. (the "Debtor"), hereby moves for authority, pursuant to 11 U.S.C. sections 105 and 363, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Massachusetts Local Bankruptcy Rule ("MLBR") 6004-1, to sell by public auction sale (the "Public Sale") the Debtor's right, title and interest in five Vehicles (as defined below) free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances, and interests to attach to the proceeds of such sale. The Public Sale of the Vehicles shall occur on the terms and conditions set forth in this Motion and in the proposed *Notice of Intended Public Auction Sale of Motor Vehicles Free and Clear of Liens, Claims, Encumbrances, and Interests* (the "Notice") attached hereto as *Exhibit A*. The Trustee intends to conduct the Public Sale of the Vehicles as part of a public auction sale which will include motor vehicles that constitute assets of unrelated bankruptcy cases. In further support of the Motion, the Trustee represents as follows:

## Background

1. On December 10, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division).

2. The Court entered an order converting the Debtor's case to a case under chapter 7 of the Bankruptcy Code on April 28, 2015. The Trustee was appointed by order dated April 28, 2015, and continues to serve in that capacity.

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. section 157(b). The statutory predicate for the relief sought herein is section 363 of the Bankruptcy Code.

## The Vehicles

4. Among other assets, on the Petition Date, the Debtor owned various motor vehicles:

   a. 1997 Ford F26 Pickup;

   b. 1999 Chevrolet GMC 400;

   c. 2009 Chevrolet Silverado Pickup;

   d. 2010 GMC Sierra Pickup; and

   e. 2011 GMC Sierra Pickup (collectively, the "Vehicles").

5. As of the Petition Date, the Debtor owned various equipment, machinery and related personal property in connection with the former operation of its business (the "Assets"). Massachusetts Growth Capital Corporation ("MGC") was the Debtor's prepetition senior secured lender. MGC asserts an interest in substantially all of the

Assets with the exception of the Vehicles. MGC obtained relief from the automatic stay with respect to the non-Vehicle Assets, and has scheduled an auction sale of the Assets for the same date and time as the proposed Public Sale of the Vehicles.

6. Rockland Federal Credit Union ("Rockland") asserts a first-priority purchase money security interest in the 2011 GMC Sierra Pickup. Rockland is owed approximately $9,471.85 as of the date of this Motion. Massachusetts Laborers Benefit Funds ("MLBF") asserts a second-priority lien against the 2011 GMC Sierra Pickup and a first-priority lien against the 1999 Chevrolet, and is owed approximately $6,700. Upon information and belief, the 2011 GMC Sierra Pickup has a fair market value of at least $14,000 and the 1999 Chevrolet has a fair market value of about $3,500.

7. The secured creditors, including MGC, Rockland and MLBF, have assented to the Trustee's proposed Public Sale of the Vehicles.

8. The Trustee has determined that the sale of the Vehicles by means of the Public Sale that includes equipment and other assets of the estate constituting collateral of MGC is in the best interest of the bankruptcy estate. A public auction sale that includes all of the Debtor's former assets will attract greater interest than an auction that includes only the Vehicles.

**Relief Requested**

9. Pursuant to Sections 105, 363(b), and 365 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and MLBR 6004-1, the Trustee requests authorization to schedule and conduct the Public Sale of the Vehicles and to sell the Vehicles free and clear of all liens, claims, encumbrances and interests on an "as is, where is, how is" basis.

3

10. The Public Sale shall be held at 227 Cherry Street, Plymouth, Massachusetts, which is the former business premise of the Debtor.

11. The Trustee requests that the Court approve the terms and conditions of the Public Sale as set forth in the Motion and the Notice.

### Sale of Vehicles at Public Auction

12. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course may be by private sale or public auction. The Trustee has determined that the sale of the Vehicles by means of the Public Sale is the most cost-efficient means to maximize its value to the estate given the value of the asset and carrying costs pending a sale. Accordingly, the sale of the Vehicles by the Public Sale is in the best interests of the estate and its creditors.

13. Section 363(b)(l) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l).

14. Contemporaneously with the filing of the Motion, the Trustee has filed an application to employ Paul E. Saperstein Co., Inc. (the "Auctioneer"),[1] to conduct the Public Sale. The Auctioneer anticipates publishing notice of the Public Sale through internet and newspaper advertising. Given the anticipated value of the Vehicles, combining the sale with the Debtor's other Assets will result in conservation of resources and minimization of costs, as well as an anticipated increase in the total sale proceeds.

---

[1] The Auctioneer had previously been engaged by MGC to provide an appraisal of the Assets constituting its collateral. The Vehicles do not constitute collateral of MGC. The Auctioneer is scheduled to conduct the sale of the Vehicles and the remaining Assets at the same date and time in order to maximize the value of those assets.

**Terms of Public Sale and Public Sale Procedures**

15.  The Trustee proposes that the Auctioneer conduct the Public Sale on the terms and conditions set forth herein and in the Notice.

16.  The Notice provides, among other things, that the Public Sale will be conducted in accordance with the following terms and conditions:[2]

    a.  The Vehicles shall be transferred on an "as is, where is, and how is" basis, without any representation or warranty of any kind by the Trustee.

    b.  Pursuant to section 363(f) of the Bankruptcy Code, the Vehicles shall be sold free and clear of any liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests, if any, attaching to the proceeds of such sale.

    c.  The Vehicles may be withdrawn from sale prior to or during the Public Sale for any reason whatsoever.

    d.  All bidding increments shall be determined by the Auctioneer, and announced at the commencement of the Public Sale. Bidding increments may be modified by the Trustee during the Public Sale.

    e.  A successful bidder for the Vehicles shall tender to the Trustee a deposit in good funds on the day of the Public Sale equal to twenty five percent (25%) of its bid for the Vehicles.

    f.  Terms for the removal of the Vehicles by the successful bidder shall be announced at the Public Sale. The successful bidder must comply with the announced terms for removal or shall forfeit the deposit and the right to purchase the Vehicles.

    g.  The successful bidder shall pay the balance of the purchase price by wire transfer or endorsed bank or certified check prior to the removal of the Vehicles.

**Notice**

17.  The Trustee has served the Motion on the United States Trustee, counsel to the Debtor, all creditors, and all parties who have requested notice in this case. Once

---

[2] The following discussion represents a summary of the Notice. In the event of a discrepancy between this summary and the terms of the Notice, the terms of the Notice shall govern.

5

the Trustee has been provided with an objection deadline and a hearing date, the Notice will be completed and served upon the same parties.

WHEREFORE, the Trustee requests entry of an order: (i) authorizing the sale of the Vehicles by public auction sale; (ii) approving the terms and conditions of such sale, as provided herein and in the contemporaneously filed Notice; and (iii) granting such other and further relief as is just and necessary.

Respectfully submitted,

DONALD R. LASSMAN,
Chapter 7 Trustee of the estate of
NORTHEAST WATER & SUPPORT, INC.,

By his attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo, LLP
200 State Street
Boston, MA  02109
Telephone:  (617) 263-2600
Facsimile:   (617) 263-2300
Email:        AMattera@DemeoLLP.com

Dated:  June 3, 2015

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>NORTHEAST WATER & SUPPORT, INC.,<br><br>Debtor. | Chapter 7<br>Case No. 14-15689-JNF |

**NOTICE OF DONALD R. LASSMAN, CHAPTER 7 TRUSTEE,
OF PUBLIC AUCTION SALE OF MOTOR VEHICLES FREE AND CLEAR
OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Notice is hereby given pursuant to sections 105, 363 and 365 of the Bankruptcy Code, Rule 6004 of the Federal Rule of Bankruptcy Procedure, and Massachusetts Local Bankruptcy Rule 6004-1, that Donald R. Lassman, the duly appointed chapter 7 trustee (the "Trustee") of the bankruptcy estate of Northeast Water & Support, Inc. (the "Debtor"), intends to sell, transfer and convey by public auction sale the Debtor's right, title and interest in:

1. 1997 Ford F26 Pickup;
2. 1999 Chevrolet GMC 400;
3. 2009 Chevrolet Silverado Pickup;
4. 2010 GMC Sierra Pickup; and
5. 2011 GMC Sierra Pickup (collectively, the "Vehicles").

**THE SALE SHALL BE FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS**

The sale shall be free of all liens, claims, encumbrances and interests. As set forth in the Sale Motion, several of the Vehicles are subject to liens, claims, encumbrances or interests. To the extent that a Vehicle is subject to liens, claims, encumbrances or interests, the Trustee has requested that the Vehicle be sold free and clear of such liens, claims, encumbrances and interests, which will attach to the proceeds of the sale.

**AUCTION DATE, DEADLINES FOR OBJECTION AND
HEARING ON SALE MOTION**

**The public auction sale (the "Public Sale") shall be held on ____day, June ____, 2015 at ___:_____ __.m. at 227 Cherry Street, Plymouth, Massachusetts and conducted by Paul E. Saperstein Co., Inc. (the "Auctioneer").**

Any objections to the sale of the Vehicles must be filed on or before **June \_\_\_\_, 2015 at \_\_\_:\_\_\_\_ \_\_.m. with the Clerk, United States Bankruptcy Court, at John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945**. Any objection must state specifically why the sale should not be authorized. Unless a timely objection is filed, a hearing may not be held and the Public Sale will take place as scheduled. Copies of any objection should also be served on counsel to the Trustee, Alex F. Mattera, Demeo, LLP, 200 State Street, Boston, Massachusetts 02109.

**A hearing, if required because of objections, will be held on June \_\_\_\_, 2015 at \_\_\_:\_\_\_\_ \_\_.m. before the Honorable Joan N. Feeney at the John W. McCormack Post Office and Court House, 5 Post Office Square, 12th floor, Boston, Massachusetts 02109-3945.**

### TERMS OF PUBLIC SALE

The Vehicles shall be transferred on an "as is, where is, and how is" basis, without any representation or warranty of any kind by the Trustee.

The Vehicles may be withdrawn from sale prior to or during the Public Sale for any reason whatsoever.

All bidding increments shall be determined by the Auctioneer and the Trustee, and announced at the commencement of the auction. Bidding increments may be modified by the Trustee during the Public Sale.

A successful bidder ("Successful Bidder") for the Vehicles shall pay a deposit (the "Deposit") on the day of the Public Sale so that the Deposit is equal to twenty five percent (25%) of its bid for the Vehicles accepted by the Trustee at the Public Sale. The Deposit must be in good funds.

The Successful Bidder shall pay the balance of the purchase price by wire transfer or endorsed bank or certified check prior to the removal of the Vehicles and transfer of the title to the Vehicles to the Successful Bidder.

Each participating bidder ("Bidder") shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the Vehicles prior to making its offer and that each such Bidder relied solely on that review and upon its own investigation and inspection of the Vehicles in making its offer; and (b) that Bidder is not relying upon any written or oral statements, representations, or warranties of the Trustee, its agents or representatives or the Auctioneer, its agents or representatives.

The Trustee reserves the right prior to the Public Sale to enter into agreements for the disposition of the Vehicles and to sell such Vehicles by private sale subject to Court approval. The Trustee may withdraw from sale any Vehicle prior to or during the Public

2

Sale.  The Trustee reserves the right to reject, in his sole discretion, any and all bids for the Vehicles.

Sale of the Vehicles shall be final, upon acceptance of a bid by the Trustee in his business judgment, and not subject to further Court approval.

Information respecting removal of the Vehicles purchased shall be announced by the Auctioneer on the day of the Public Sale.  Failure of the Successful Bidder to comply with the terms of the removal announced by the Auctioneer shall result in the forfeiture of the Deposit and forfeiture of the right to purchase the Vehicles not so removed.  The Trustee, at or before the Public Sale, may impose such other and additional terms and conditions as she determines to be in the best interests of the Trustee, the estate, its creditors and other parties in interest.

Any questions concerning the sale should be addressed to the undersigned counsel to the Trustee.  Entities interested in obtaining information about the Vehicles may contact the Auctioneer, Paul E. Saperstein Co., Inc., 148 State Street, Boston, Massachusetts, telephone: (617) 227-6553, or visit the Auctioneer's website at www.pesco.com.

The Motion has been served with this Notice and is on file at the Clerk's Office of the United States Bankruptcy Court and is available for inspection during regular business hours.  Copies of the Motion may also be obtained, upon request, from the undersigned counsel to the Trustee.

DONALD R. LASSMAN,
Chapter 7 Trustee of the estate of
NORTHEAST WATER & SUPPORT, INC.,

By his attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo, LLP
200 State Street
Boston, MA  02109
Telephone:  (617) 263-2600
Facsimile:   (617) 263-2300
Email:        AMattera@DemeoLLP.com

Dated:  June ____, 2015

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>    NORTHEAST WATER &<br>    SUPPORT, INC.,<br><br>    Debtor. | Chapter 7<br>Case No. 14-15689-JNF |

## **CERTIFICATE OF SERVICE**

I, Alex F. Mattera, hereby certify that on the 3rd day of June, 2015, I caused to be served a copy of the foregoing *Motion by Donald R. Lassman, Chapter 7 Trustee, for Authority to Sell Motor Vehicles by Public Auction Sale, Free and Clear of Liens, Claims, Encumbrances and Interests* and *proposed notice* to all appearing on the attached Service List via first-class mail, postage-prepaid, unless electronically served by the Court as indicated thereon.

                                              /s/  Alex F. Mattera
                                              Alex F. Mattera, BBO No. 641760
                                              Demeo, LLP
                                              200 State Street
                                              Boston, MA  02109
                                              Telephone:  (617) 263-2600
                                              Facsimile:  (617) 263-2300
                                              Email:       AMattera@DemeoLLP.com

## SERVICE LIST

Paula R.C. Bachtell
U.S. Department of Justice
Office of the United States Trustee
John W. McCormack Post Office and Courth
5 Post Office Square, Suite 1000
Boston, MA 02109-3934
*(Electronically served by the Court)*

Joseph S.U. Bodoff
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
*(Electronically served by the Court)*

Ann Brennan
Ann Brennan Law Offices
800 Hingham Street, Ste. 200N
Rockland, MA 02370
*(Electronically served by the Court)*

John S. Davagian, II
Davagian & Associates
365 Boston Post Road
Sudbury, MA 01776
*(Electronically served by the Court)*

Rayford Farquhar
1 Courthouse Way
Ste 9200
Boston, MA 02210
*(Electronically served by the Court)*

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office &
Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
*(Electronically served by the Court)*

Leonard A. Frisoli
Frisoli & Associates
43 Thorndike St.
Cambridge, MA 02141
*(Electronically served by the Court)*

Gregory A. Geiman
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA 02053
*(Electronically served by the Court)*

David T. Keenan
Quinlan & Sadowski, P.C.
11 Vanderbilt Ave
Suite 250
Norwood, MA 02062-5056
*(Electronically served by the Court)*

Thomas R. Landry
Krakow & Souris, LLC
225 Friend St
Boston, MA 02114
*(Electronically served by the Court)*

Donald Lassman
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
*(Electronically served by the Court)*

James M. Liston
Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
*(Electronically served by the Court)*

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035
*(Electronically served by the Court)*

Alan Margolies
793 Washington Street
Canton, MA 02021
*(Electronically served by the Court)*

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035
*(Electronically served by the Court)*

Alexander Sugerman-Brozan
Segal Roitman, LLP
111 Devonshire Street
5th Floor
Boston, MA 02109
*(Electronically served by the Court)*

Team Funding Solutions
5351 Thunder Creek Road
Austin, TX 78759

Anne R. Sills
Segal Roitman, LLP
111 Devonshire Street
5th Floor
Boston, MA 02109
*(Electronically served by the Court)*

Team Funding Solutions
CT Lien Solutions
PO Box 29071
Glendale, CA 91209